IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT W. WILLIAMS, )<br>)<br>Petitioner, )<br>v. )<br>JUAN CASTILLO, Warden, )<br>United States Medical Center, )<br>)<br>Respondent. ) | Civil Action No. 12-3067-CV-S-RED-H |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Subsequently, counsel for petitioner filed a motion to withdraw. Petitioner filed a *pro se* traverse in which he reasserted the allegations of his original petition.

As grounds for relief in habeas corpus, petitioner alleges that he has been wrongfully denied placement in a Residential Re-entry Center ["RRC"] pursuant to the Second Chance Act, 18 U.S.C. § 3624 ( c). He contends that the BOP should consider him for more than six months of RRC placement.

It is the government's response that petitioner has failed to exhaust administrative remedies on this issue. The government asserts that petitioner used the administrative remedy process, but failed to follow BOP procedures, despite having been given instructions on how to properly file his

administrative remedy appeal. Additionally, it is asserted that petitioner was considered on an individual basis for RRC placement on April 12, 2001, and his unit team determined that a 180-day placement was sufficient.

Having fully reviewed the record, the Court finds that petitioner has failed to state a constitutional violation for which habeas corpus relief is available. The law is clear that petitioner has no constitutional right to be housed in an RRC, nor does the BOP have any obligation to place an inmate in an RRC for all or even part of the community transition period. In this case, it is clear that petitioner's request was evaluated on an individual basis, and that a 180-day placement was deemed sufficient. Therefore, the Court finds that petitioner has failed to state a constitutional violation, and that it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge. The Court is aware that petitioner has objected to the motion to withdraw filed by counsel. Given the report and recommendation in this case, the Court notes petitioner's objection, but finds that the motion to withdraw is well-taken and should be granted.

petition herein for a writ of habeas corpus be dismissed without prejudice.

      /s/ James C. England
   JAMES C. ENGLAND
   UNITED STATES MAGISTRATE JUDGE

Date:   8/31/12